OGLESBY COAL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21597.   Promulgated February 19, 1930.

*M. F. Gallagher, Esq.*, and *E. B. Wilkinson, Esq.*, for the petitioner.

*J. Arthur Adams, Esq.*, for the respondent.

OPINION.

McMahon: The only issue which the Board is called upon to decide is whether or not the respondent erred in his determination of petitioner's tax liability under the provisions of section 205 (a) and 335 (a) of the Revenue Act of 1918 for that part of the fiscal year ended March 31, 1918, falling within the calendar year 1917, by his failure to deduct from the income of $55,000.37, before computing the tax, the amount of $53,122.42 representing obsolescence sustained by the petitioner during the period from January 1, 1918, to March 31, 1918.

Section 205 (a) of Title II of the Revenue Act of 1918, which deals with income taxes, provides:

That if a taxpayer makes return for a fiscal year beginning in 1917 and ending in 1918, his tax under this title for the first taxable year shall be the sum of: (1) the same proportion of a tax for the entire period computed

under Title I of the Revenue Act of 1916 as amended by the Revenue Act of 1917 and under Title I of the Revenue Act of 1917, which the portion of such period falling within the calendar year 1917 is of the entire period, and (2) the same proportion of a tax for the entire period computed under this title at the rates for the calendar year 1918 which the portion of such period falling within the calendar year 1918 is of the entire period: PROVIDED, That in the case of a personal service corporation the amount to be paid shall be only that specified in clause (1).

    *       *       *       *       *   ·   *       *

Section 335 (a) of Title III of the Revenue Act of 1918, which deals with war-profits and excess-profits taxes, provides:

That if a corporation (other than a personal service corporation) makes return for a fiscal year beginning in 1917 and ending in 1918, the tax for the first taxable year under this title shall be the sum of: (1) the same proportion of a tax for the entire period computed under Title II of the Revenue Act of 1917 which the portion of such period falling within the calendar year 1917 is of the entire period, and (2) the same proportion of a tax for the entire period computed under this title at the rates specified in subdivision (a) of section 301 which the portion of such period falling within the calendar year 1918 is of the entire period. * * *

The respondent, in computing the petitioner's tax for the fiscal year ended March 31, 1918, under the above sections, failed to allow as a deduction in computing the tax as to that portion of the fiscal year falling in the calendar year 1917, the amount of $53,122.42, obsolescence sustained during the period January 1, 1918, to March 31, 1918. We see no error in this.

Under section 205 (a) it is first provided that a tax for the entire period shall be computed under Title I of the Revenue Act of 1916 as amended by the Revenue Act of 1917, and under Title I of the Revenue Act of 1917, which deal with income taxes, and that in computing the tax liability for the fiscal year there shall be used a part of this computed tax which is in proportion to the part of the fiscal year falling within the calendar year 1917.

Section 335 (a) provides that the same procedure shall be followed with regard to the taxes computed under Title II of the Revenue Act of 1917, which deals with war excess-profits taxes. In determining the tax under those titles of the Revenue Acts of 1916 and 1917, there must be included in gross income those items of income specified in the titles and there may be allowed only those deductions specified therein. The Revenue Acts of 1916 and 1917 make no provisions for deductions on account of obsolescence. *Old '76 Distilling Co.*, 3 B. T. A. 1346.

The petitioner cites *T. B. Hord Grain Co.* v. *Blair*, 25 Fed. (2d) 536, which affirms our decision reported in 6 B. T. A. at page 549. In that case it was held that where petitioner, a corporation, having a fiscal year beginning in 1917 and ending in 1918 is entitled to

special assessment under the Revenue Act of 1918, its profits tax for the entire fiscal year must be computed under the special assessment section. The petitioner's contention, in that case, was that for the six months of the fiscal year which fell within the calendar year 1917, the tax should be computed at the statutory rates, and for the six months falling within the calendar year 1918 it should be computed under the special assessment section. That case, however, is distinguishable from the instant proceeding for the very reason that that case does involve special assessment. There is no provision in the Revenue Act of 1918 permitting or requiring, where special assessment is involved, the method advanced by the petitioner in that case. In such a state of facts as we have in the instant proceeding, where the statutory rates are to be applied, section 335 (a), as well as section 205 (a), of the Revenue Act of 1918 requires that the tax for the entire fiscal year be computed by the method we have approved in the instant proceeding.

Reviewed by the Board.

*Judgment will be entered for the respondent.*